*Manzanarez-Arias v. Garland*

BIA
Lurye, IJ
A209 238 879

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty-five.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　ROBERT D. SACK,
　　　　SARAH A. L. MERRIAM,
　　　　　　*Circuit Judges.*
_____

KATTY MARILY MANZANAREZ-ARIAS,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　**23-6639**
　　　　　　　　　　　　　　　　　　　　**NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONER:** Ioan Florin Cristea, Centro Legal de Immigracion, Bay Shore, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Senior Litigation Counsel; Brandon T. Callahan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Katty Marily Manzanarez-Arias, a native and citizen of Honduras, seeks review of a May 26, 2023, decision of the BIA affirming a September 24, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Katty Marily Manzanarez-Arias*, No. A 209 238 879 (B.I.A. May 26, 2023), *aff'g* No. A 209 238 879 (Immig. Ct. N.Y. City Sept. 24, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under

2

the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We agree with the agency that Manzanarez-Arias's proffered particular social group of "[i]ndividuals who refuse to give into gang demands," Petitioner's Br. at 12, is not cognizable and even if it were, she did not establish the requisite nexus between the harm she suffered and purported membership in that group. Applicants for asylum and withholding of removal must establish that their "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for their persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also Quituizaca v. Garland*, 52 F.4th 103, 113–14 (2d Cir. 2022) (holding that "one central reason" standard applies to both asylum and withholding). Where an applicant asserts membership in a particular social group, she must establish that the group is cognizable, that she is a member, and that membership in the group was one central reason for the persecution. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014). We review de novo the determination

of whether a particular social group is cognizable and we review the nexus determination for substantial evidence. *Id.* at 195, 199 n.4; *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 591 n.25 (2d Cir. 2021).

Manzanarez-Arias's proposed social group is not cognizable because it is impermissibly circular in that its boundaries are defined by the claimed persecution. *See Paloka*, 762 F.3d at 196. A group is cognizable where it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). "Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Id.* (citation and quotation marks omitted); *see also Hernandez-Chacon v. Barr*, 948 F.3d 94, 101–02 (2d Cir. 2020) (concluding that a proposed social group of "El Salvadoran women who have rejected the sexual advances of a gang member . . . was not cognizable"). A social group is not cognizable if it "depends on no disadvantage other than purported visibility to criminals," *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007), and "general crime conditions are not a stated ground" for asylum and withholding of removal, *Melgar de Torres v. Reno*, 191 F. 3d 307, 314 (2d Cir. 1999).

4

Manzanarez-Arias presented no evidence that the gang robbed and extorted her for any other reason than to obtain money. "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA." *Ucelo-Gomez*, 509 F.3d at 73. We therefore find no reason to disturb the agency's conclusion that her proposed social group was not cognizable.

Manzanarez-Arias's remaining arguments regarding her proposed social group lack merit. Her claim that the group should be viewed through the perspective of her persecutors is misplaced because "[w]hile a persecutor's perception can be indicative of whether society views a group as distinct, a persecutor's perception alone is not enough, by itself, to establish a cognizable social group." *Quintanillla-Mejia*, 3 F.4th at 588 (quotation marks omitted); *see also Paloka*, 762 F.3d at 196 ("What matters is whether society as a whole views the group as socially distinct, not the persecutor's perception." (quotation marks omitted)). And she relies on country conditions evidence that was not in the record before the agency. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall

decide the petition only on the administrative record on which the order of removal is based.").

Moreover, substantial evidence supports the agency's determination that Manzanarez-Arias did not establish that gang members targeted her on account of her membership in her proposed group. An applicant for asylum and withholding must show that their membership in a particular social group was "one central reason" for the harm. *Quituizaca*, 52 F.4th at 113–14. A record does not compel the conclusion that a protected ground was "one central reason" when circumstances suggested that a gang was motivated by ordinary criminal incentives. *Id.* at 114–16. Here, nothing in the record compels us to conclude that Manzanarez-Arias was targeted for a reason other than the ordinary criminal incentives of the gang, so we do not disturb the agency's determination that her membership in a protected group was not a central reason for the harm she suffered. *Id.*; *Paloka*, 762 F.3d at 195.

Nor do we find error in the agency's denial of CAT relief. An applicant has the burden to show that she is "more likely than not" to be tortured. 8 C.F.R. § 1208.16(c)(2). "In assessing whether it is more likely than not that an applicant would be tortured . . . all evidence relevant to the possibility of future torture shall

6

be considered, including, but not limited to: (i) Evidence of past torture inflicted upon the applicant; (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured; (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and (iv) Other relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3). "[A]n alien will never be able to show that [s]he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J–F–F–*, 23 I. & N. Dec. 912, 918 n. 4 (A.G. 2006)). A CAT claimant must show "that someone in [her] particular alleged circumstances is *more likely than not* to be tortured." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

Manzanarez-Arias's fear of torture is speculative. She was robbed and extorted, but not physically harmed, much less harmed in a manner that would constitute torture. "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or

7

punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). Other than her parents reporting that someone inquired about her whereabouts once after she fled, she had no further contact and received no further threats from gang members. And she did not submit any relevant country conditions evidence to the agency. *See* 8 C.F.R. § 1208.16(c)(2), (3). Her allegation that she is likely to be tortured is too speculative given the absence of past torture or other evidence establishing that people who are extorted in Honduras are subject to torture. *See Savchuck*, 518 F.3d at 123; *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003) (requiring a CAT applicant to "establish that there is greater than a fifty percent chance . . . that [s]he will be tortured").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court